SUSAN CARR v. CITY OF EASTON.

Andrew Carr v. City of Easton.

142    139
e211    623

APPEALS BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF NORTHAMPTON COUNTY.

Argued March 10, 1891—Decided May 4, 1891.

(a) The driver of a sleigh, proceeding by a narrow passage-way cut
through a heavy fall of snow in a city street, turned aside to pass an
approaching team, when the sleigh, striking against the bank, was up-
turned, and a lady, carried therein as a guest, thrown out and serious-
ly injured:

1. In an action against the city for negligence, the testimony not showing
that the danger of using the passage-way and so turning therefrom was
patent to the plaintiff, or that she had knowledge or warning of it be-
forehand, it was error to hold her guilty of contributory negligence as
a matter of law.

2. As to contributory negligence, alleged in such a case, Crescent Tp. v.
Anderson, 114 Pa. 643, and Dean v. Railroad Co., 129 Pa. 514, wherein
the essential point was the patent character of the danger,—in the latter,
the violation of a fixed rule of law to stop, etc., at railroad crossings, in
addition,—are distinguishable from Carlisle Bor. v. Brisbane, 113 Pa.
544.

Before Paxson, C. J., Sterrett, Williams, McCollum
and Mitchell, JJ.

Nos. 195, 196 January Term 1891, Sup. Ct.; court below,
Nos. 13 October Term 1888, 21 February Term 1890, C. P.

On September 1, 1888, Susan Carr brought trespass against
the city of Easton, to recover damages for injuries to her person
alleged to have been caused by the negligence of the defendant
city.   On December 28, 1889, Andrew Carr, the husband of
said Susan Carr, brought a like action against said city, to re-
cover for the loss of the services of his wife, resulting from her
said injuries.   Issue, in both causes.

At the trial of the two actions together on December 1, 1890,
it was made to appear that Walnut street, in Easton, is but
thirty feet wide, and is a leading thoroughfare occupied along
its centre line by the tracks of a street-railway company.   On

Charge of Court below.

December 30, 1887, a fall of snow about two feet deep had occurred, increased by additional falls subsequently. On December 30th, much of the snow had been removed from the roadway of the railway company to the sides thereof, and gutters had been cut out down to the track, for the passage of cars. The banks of snow at the sides of the railway had been increased by the addition of snow thrown from the sidewalks.

On the date last mentioned, Samuel Trumbore, the brother-in-law of Mrs. Carr, with one Samuel Adams, came to the plaintiff's residence on Butler street with a low sled, to take Mrs. Carr and her two children to his residence on College Hill. In going to the plaintiff's residence, Trumbore and Adams took a route by which they did not get upon Walnut street. In coming away, Trumbore and Adams sat in the front seat, Adams on the left, driving; and Mrs. Carr and the children on the rear seat. They passed down Butler to Walnut, and down Walnut at a trot, between the rails of the street-railway track, a distance of 2168 feet, where they met an approaching team and it became necessary to turn out. As they turned out, they slowed up in speed, but without stopping turned to the right across the gutter, when the runner struck a piece of ice in the bank of snow, causing the sled to overturn, throwing Mrs. Carr and her children out upon the icy track, whereby Mrs. Carr's arm was broken near the elbow. Mrs. Carr had made no objection, either to the driver sitting on the left, or to his failure to stop before turning out of the railway track. She was well acquainted with Walnut street, but did not know its condition on the day of the accident; nor did the gentlemen with her. Evidence was offered and submitted to establish the allegation of negligence on the part of the defendant city.

At the close of the testimony the court, SCHUYLER, P. J. charged the jury:

It must be conceded that Walnut street, where the accident happened, was, on the day of the accident, in an unsafe condition, owing to high embankments of snow and ice on either side of the single track, which was the only passage-way for vehicles; and, if the only question before you was whether the city had been guilty of negligence, in allowing the street to remain in this condition for an unreasonable length of time, I

Charge of Court below.

would probably have to submit that question, under the evidence, to your consideration. But it does not necessarily follow, even if you should find that the city was negligent and that the accident to the plaintiff was the result, that the plaintiff would be entitled to your verdict; for the law is that if the negligence of the plaintiff contributed in any degree to the accident she cannot recover. Ordinarily and generally the question of contributory negligence is for the jury, but the rule is not universal. When the facts are undisputed and the inference of contributory negligence is a necessary one, then it becomes the duty of the court to draw the inference, and to give to the jury binding instructions to find for the defendant. This, I think, is such a case.

Walnut street is one of the narrowest and at the same time one of the busiest thoroughfares in our city, with the track of a passenger-railway company running through its centre. Some ten days before the accident happened, a heavy snow had fallen which was still on the ground. The track of the railway company, however, had been cleared by shoveling the snow upon either side of the track, thus making embankments, which were further increased by the snow from the sidewalks. The passage-way in the street was not wide enough to allow teams to pass each other without mounting these embankments. The condition of the street from the point where the plaintiff entered it was plainly visible throughout its entire length. There were other streets free from danger which the plaintiff might have taken by a very slight detour. The plaintiff was entirely familiar with the locality and its surroundings. The driver sat on the left-hand side of the sleigh from no necessity. Meeting a team coming from the opposite direction, the driver turned to the right, and in endeavoring to get the sleigh over the embankment the sleigh overturned, causing the accident of which the plaintiff complains. These are the undisputed facts, and to my mind they lead so irresistibly to the conclusion that the plaintiff was guilty of contributory negligence, that I feel constrained to say to you that she has no cause of action. You will, therefore, return a verdict in favor of the defendant.

—The jury returned verdicts for the defendant as directed. Judgments having been entered, the plaintiffs took these appeals, specifying that the court erred:

Opinion of the Court.

1. In ruling that the plaintiff, Susan Carr, was guilty of contributory negligence.

2. In not submitting the question of negligence on the part of the city to the jury.

4. In directing the jury to return a verdict for the defendant.

*Mr. F. H. Lehr,* for the appellants.

Counsel cited: (1) Erie City v. Schwingle, 22 Pa. 384; Lower Macungie Tp. v. Merkhoffer, 71 Pa. 276; McLaughlin v. Corry, 77 Pa. 109; Carlisle Bor. v. Brisbane, 113 Pa. 544; and distinguished Dean v. Railroad Co., 129 Pa. 514; Crescent Tp. v. Anderson, 114 Pa. 643. (2) Fritsch v. Allegheny City, 91 Pa. 226.

*Mr. H. J. Steele,* City Solicitor, for the appellee.

Counsel cited: Penna. R. Co. v. Aspell, 23 Pa. 147; Beach on Cont. Neg., 282; Baker v. Fehr, 97 Pa. 70; Erie City v. Magill, 101 Pa. 616; Barnes v. Sowden, 119 Pa. 60; Robb v. Connellsville Bor., 137 Pa. 42; Crescent Tp. v. Anderson, 114 Pa. 643; Forks Tp. v. King, 84 Pa. 230; Fleming v. Lock Haven, 15 W. N. 216; Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306; Wharton on Negl., § 440; Rapho Tp. v. Moore, 68 Pa. 404; Otto Tp. v. Wolf, 106 Pa. 608.

OPINION, MR. JUSTICE MITCHELL:

Mrs. Carr was a guest in the sleigh, which was the property of her brother-in-law, Trumbore. The exact relation to the party of Adams, who was driving, does not appear, but he was apparently a friend of Trumbore. He certainly was not in any sense the servant of Mrs. Carr. Under these circumstances, it was conceded in the court below, and at the argument, that the negligence, either of Trumbore or of Adams, was not imputable to Mrs. Carr: Carlisle Bor. v. Brisbane, 113 Pa. 544.

We have, then, the sole remaining question whether there was contributory negligence on the part of Mrs. Carr herself, so clearly shown by the evidence that the court was right in deciding it as a question of law, and directing a verdict for the defendant. It is entirely settled that this may be done in a clear case, but in a clear case only. Two recent decisions of this court are relied upon to support the present ruling. In

Crescent Tp. v. Anderson, 114 Pa. 643, there was a gully or small ravine across the public road, over which travelers ordinarily crossed by a bridge. Plaintiff, driving with her father, found the bridge impassable, the flooring having been torn up for repair; and her father then drove through the ravine at the side of the bridge, and in so doing the spring-catch of the wagon seat broke, and plaintiff was thrown out and injured. It was held that though the plaintiff was not affected by the negligence of the driver, yet, as she had voluntarily joined him in testing a patent danger, she was barred as matter of law by her own contributory negligence. A closely analogous case is Dean v. Railroad Co., 129 Pa. 514, where the same rule was applied to the plaintiff, who, riding with a neighbor in the latter's wagon, neither stopped, looked, nor listened, nor requested the driver to do so, at a railroad crossing with which he was familiar. The essential point, in these cases, was the patent character of the danger, and in the latter, in addition, the violation of a fixed rule of law as to the duty of travelers in crossing a railroad, thus constituting clear legal negligence. This is the distinction between these cases and Carlisle Bor. v. Brisbane, supra; and also between the latter and Erie City v. Magill, 101 Pa. 616; Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306; Dehnhardt v. Philadelphia, 15 W. N. 214; Fleming v. Lock Haven, 15 W. N. 216, and others of the same class, where the danger was either patent, or the plaintiff had knowledge or warning of it beforehand.

In the present case, we are unable to say that the circumstances proved were such as to establish any fixed standard of prudent conduct from which Mrs. Carr departed. It was not shown that she was informed of the condition of this particular street. All of the streets, as she testifies, were covered with deep snow; and, while the special ruts or gutters, caused by the digging out of the snow and ice down to the car tracks, were visible to her, it is not clear that they did or necessarily ought to have conveyed to her mind the idea of danger. She saw other teams using the street; her own drove a considerable distance in it before the accident, and she may have thought, as her driver Adams says he did, that " there were other teams turned out, and we thought we could turn out just as well." She was a woman, not shown to have any special knowledge

Statement of Facts.

·of driving or horses or sleighs, who had trusted herself to the ·guidance of her brother-in-law and his friend; and we cannot say, as matter of law, that the danger was so apparent or so .serious that she was called upon to exercise her own judgment in opposition to theirs. All these matters are for the jury to ·decide, upon their view of reasonable care and prudent conduct, under the circumstances shown by the evidence.

The question of the negligence of the defendant is not raised ·on this appeal, and, of course, we have not considered it.

Judgment reversed, and venire de novo awarded.