# Jones, Appellant, *v.* Lehigh and New England Railroad Company.

*Negligence—Railroads—Crossing—Driver of vehicle.*

The negligence of the driver of a vehicle at a railroad crossing cannot be imputed to the occupants of the vehicle.

*Negligence—Railroads—Witness.*

Where a father suing to recover damages for the death of his children at a railroad crossing, testifies that while riding in another vehicle than that in which his children were riding, he listened because of solicitude for his children, for signals of an approaching train and heard none, his testimony is not of that purely negative character which is entitled to no weight when opposed to affirmative testimony.

The effect of a plaintiff's testimony is not destroyed as matter of law by the fact that it is contradicted by a witness called by himself.

*Negligence—Railroads—Crossing—Evidence—Nonsuit.*

In an action by a father against a railroad company to recover damages for the death of his children, it appeared that the children were riding in an omnibus, and that the omnibus was run into by a train at a crossing. The plaintiff was in another vehicle an eighth of a mile back of the omnibus. He testified that on account of solicitude for his children, he listened for signals of the approach of the train, and heard none. A witness called by him testified that the whistle was sounded six times when the engine

was at a point not fixed with precision as to distance, but which was at the south end of a cut, the north end of which was 570 feet from the crossing, and that from this point the bell was rung continuously until the collision took place. The fireman of the engine called by the plaintiff testified that the engineer applied the breaks and sanded the track as soon as he saw the horses; that he did everything in his power to stop the train, and that the appliances were all in good order, with the possible exception of one of the pipes by which sand was conducted to the tracks, which had been clogged by dampness during the trip. The testimony showed that the train was running at the rate of fifteen or twenty miles an hour at the crossing and after the efforts of the engineer to slacken its speed. *Held,* that a nonsuit was properly entered.

Argued Feb. 3, 1902. Appeal, No. 10, Jan. T., 1902, by plaintiff, from order of C. P. Lehigh Co., April T., 1901, No. 1, refusing to take off nonsuit in case of John R. Jones and Elizabeth R. Jones v. Lehigh and New England Railroad Company and Henry Bittner. Before McCollum, C. J., Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for death of one of plaintiff's children, and injuries to another. Before Albright, P. J.

At the trial it appeared that on August 12, 1900, plaintiff's two daughters were riding in an omnibus, and that when the omnibus was going over defendants' tracks at a public crossing, it was run into by a train, and one of the children was killed, and the other injured. The circumstances of the accident are stated in the opinion of the Supreme Court. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* among others was refusal to take off nonsuit.

*Harry C. Cope* and *John M. Gardner*, for appellants.—It is the duty of a railroad to have upon its engines running through a populous country over public crossings, good and sufficient appliances with which to control their movements, and also to maintain them in good working order to prevent collisions.

Where the testimony of a party makes out a clear case the contradictory testimony of another witness could not destroy it as a matter of law, even though such witness had been called by himself: Kohler v. Penna. R. R. Co., 135 Pa. 346; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233.

1902.]                    Arguments—Opinion of the Court.

The court should have submitted to the jury the question of fact as to whether the signals were given on the occasion in question.

*Edward J. Fox* and *Robert E. Wright*, with them *H. M. Hagerman*, for appellees.—The nonsuit was properly entered: Newhard v. Penna. R. R. Co., 153 Pa. 417 ; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332 ; Graham v. Penna R. R. Co., 139 Pa. 149 ; Dooner v. Delaware, etc., Canal Co., 164 Pa. 17 ; Platz v. McKean Twp., 178 Pa. 601 ; Allegheny Heating Co. v. Rohan, 118 Pa. 227 ; Melchert v. Smith Brewing Co., 140 Pa. 448 ; Savitz v Lehigh, etc., R. R. Co., 199 Pa. 218 ; Eisenbrey v. Philadelphia, 24 W. N. C. 231 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85 ; Trich v. South Side Pass. Ry. Co., 117 Pa. 390 ; Howard v. Union Traction Co., 195 Pa. 391 ; Herr v. City of Lebanon, 149 Pa. 223 ; McAnally v. Penna. R. R. Co., 194 Pa. 464 ; Heister v. Fawn Twp., 189 Pa. 253 ; Card v. Columbia Twp., 191 Pa. 254.

OPINION BY MR. JUSTICE FELL, March 10, 1902:

An omnibus drawn by four horses and containing more than twenty people reached a crossing of the defendant's road as a train approached it. A collision ensued in which eight of the passengers were killed and as many more injured. The driver exercised no care whatever to avoid danger, but as his negligence is not, as the law is now settled, to be imputed to the occupants of the vehicle (Bunting v. Hogsett, 139 Pa. 363), we have to consider only whether there is sufficient evidence of the negligence of the defendant to carry the case to the jury.

Two grounds of negligence were alleged : one that the engineer did not give timely notice of the approach of the train ; the other that he did not stop the train after he had seen the omnibus on the track, either because the appliances furnished for that purpose were defective, or because he failed to use them properly. In support of the first ground, the plaintiff testified that he was in a carriage an eighth of a mile back of the omnibus, and because of his solicitude for the safety of his children, who were in the omnibus, he listened for signals of the approach of the train and heard none. A witness called by him testified that the whistle was sounded six times when the engine was

at a point not fixed with precision as to distance, but which was at the south end of a cut, the north end of which was 570 feet from the crossing, and that from this point the bell was rung continuously until the collision took place. As the plaintiff was listening for the whistle and bell, his testimony was not of that purely negative character which is entitled to no weight when opposed to affirmative testimony : Quigley v. Delaware, etc., Canal Co., 142 Pa. 388. Nor was its effect destroyed as matter of law by the fact that it was contradicted by a witness called by him : Kohler v. Penna. Railroad Co., 135 Pa. 346. But his testimony did not show that the whistle had not been sounded at the proper distance from the crossing. What he said was exceedingly vague and contradictory, but the fair inference from it is that he listened when the omnibus was a quarter of a mile in advance of him and at the crossing. This left uncontradicted the statement of his witness that the whistle had been sounded as the engine entered the cut.

The engineer saw the lead horses on the track when the engine was 570 feet from the crossing. Expert testimony was introduced to show that under ordinary conditions the train could have been stopped within 160 feet after the brakes were applied, and that they could have been applied in five or six seconds. The fireman of the engine, who was called by the plaintiff, testified that the engineer applied the brakes and sanded the track as soon as he saw the horses ; that he did everything in his power to stop the train ; and that the appliances were all in good order, with the possible exception of one of the pipes by which sand was conducted to the tracks, which had been clogged by dampness during the trip. It is unnecessary to consider whether the expert testimony is entitled to any weight when in conflict with the testimony of the plaintiff's own witness, which showed conclusively that there was no negligence, as it was all based on the supposition that the train was running fifteen or twenty miles an hour when it left the cut. There was no such testimony in the case. The testimony was that it was running at this rate when it reached the crossing after every possible effort had been made to check its speed while it ran 570 feet. This made the testimony valueless as establishing a basis for an inference of negligence.

The nonsuit was properly entered, and the judgment is affirmed.