# Thompson, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—"Stop, look and listen"—Fire engines.*

The drivers of fire engines and hose carriages are not excepted from the operation of the rule which requires drivers to stop, look and listen before going on the tracks of a steam railroad. The rule is imperative, and without exceptions.

A fireman who knows that it is the custom of the drivers of fire engines to look and listen, but not to stop before going upon a grade crossing, assumes the risk.

Argued March 19, 1906. Appeal, No. 369, Jan. T., 1905, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1905, No. 2,515, refusing to take off nonsuit in case Thomas Thompson v. Pennsylvania Railroad Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*David Lavis*, for appellant.—The negligence of the driver cannot be imputed to the plaintiff : Coleman v. R. R. Co., 195 Pa. 485 ; Freeman v. Phila., 7 W. N. C. 45 ; Dean v. R. R. Co., 129 Pa. 514 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Carr v. Easton City, 142 Pa. 139 ; Bunting v. Hogsett, 139 Pa. 363 ; Robinson v. R. R. Co., 66 N. Y. 11 ; Dyer v. Ry. Co., 71 N. Y. 228 ; Masterson v. R. R. Co., 84 N. Y. 247 ; Geary v. Ry. Co., 84 App. Div. 514 (82 N. Y. Supp. 1016) ; Morris v. Ry. Co., 63 App. Div. 78 (71 N. Y. Supp. 321) ; Bailey v. Jourdan, 18 App. Div. 387 (46 N. Y. Supp. 399) ; Little v. Hackett, 116 U. S. 366 (6 Sup. Ct. Repr. 391) ; Brennan v. Ry. Co., 60 App. Div. 264 (69 N. Y. Supp. 1025) ; Seaman v. Koehler, 122 N. Y. 646 (25 N. E. Repr. 353) ; McCormack v. R. R. Co., 16 App. Div. 24 (44 N. Y. Supp. 684) ; Hobson v. N. Y. Condensed Milk Co., 25 App. Div. 111 (49 N. Y. Supp. 209).

*E. Jacquet Sellers*, of *Sellers & Rhoads*, for appellee.—Plaintiff was in no better position than a mere guest or companion of the driver and would seem to come within the rulings of cases applying to such relations : Greenwood v. Railroad Co., 124 Pa. 572 ; Dean v. R. R. Co., 129 Pa. 514 ; Snyder v. Penn Twp., 14 Pa. Superior Ct. 145.

OPINION BY MR. JUSTICE FELL, April 30, 1906 :

The plaintiff was in the employ of the fire department of the city of Philadelphia, and while riding on a hose carriage on his way to a fire was injured in a collision at a grade crossing of the defendant's road.    When about 250 feet from the tracks, the driver slackened the speed of his horses, but without stopping drove on the tracks at a slow trot and the front of the carriage was struck by an engine.    The driver on this occasion followed the usual custom of the drivers of the fire department in going to a fire, which was to slacken the speed of the horses at a railroad crossing and look and listen, but not to stop.    Of this custom the plaintiff knew.    He testified : " In approaching a railroad we always pull up within 200 or 250 feet and listen and look to see if there is anything in view ; " and the foreman of the engine company called by him testified : " We always slacken up, not at that time but all the time we go to a fire ;

my order is for the drivers to slacken up and they always do about 250 feet or so before we come to the railroad in case there is a train coming and no flagman there."

The drivers of fire engines and hose carriages are not excepted from the operation of the rule which requires drivers to stop, look and listen before going on the tracks of a steam railroad. The rule is imperative and without exceptions. In this case the plaintiff knew when he started that a stop would not be made at the crossing, and he assumed the risk to which he exposed himself and made the negligence of the driver his own negligence. The case is clearly ruled by Crescent Twp. v. Anderson, 114 Pa. 643, and Dean v. Penna. Railroad Co., 129 Pa. 514.

The nonsuit was properly entered and the judgment is affirmed.