## Kammerdiener *v.* Rayburn Township, Appellant.

*Negligence—Township—Dangerous road—Guard rail—Question for jury—Proximate cause—Imputed negligence.*

1. Township authorities are not bound to guard against dangers not reasonably to be anticipated, arising from causes beyond the limits of a public roadway, but against dangers in such close proximity to the roadway as to naturally and probably cause injury to travelers, they are bound to provide proper safeguards.

2. In an action against a township to recover damages for death of plaintiff's wife alleged to have been caused by failure to provide a guard rail at a narrow and dangerous curve in a road, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence shows that at the time of the accident plaintiff's wife was riding with his brother in a buggy; that at the place of the accident the road was narrow and curved, with a railroad embankment on one side, and an unguarded declivity to a river on the other; that when the buggy was at the curve a train approached from the front; and that the horse turned abruptly and ran down the declivity into the river.

3. In such a case negligence on the part of the driver, if there was any, in taking an unsafe horse on a dangerous road when he could have taken a safe road, cannot be imputed to the plaintiff's wife, who had no control over the driver and no knowledge of the roads.

Argued Oct. 3, 1911. Appeal, No. 25, Oct. T., 1911, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1909, No. 156, on verdict for plaintiff in case of Jacob F. Kammerdiener v. Rayburn Township. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's wife. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*R. L. Ralston*, with him *J. H. Painter* for appellant, cited: Arthurs v. Wilson, 40 Pa. Superior Ct. 604; Heister v. Fawn Twp., 189 Pa. 253; Schaeffer v. Jackson Twp., 150 Pa. 145; Nichols v. Pittsfield Twp., 209 Pa. 240; Brendlinger v. New Hanover Twp., 148 Pa. 93; Forks Twp. v. King, 84 Pa. 230.

*S. F. Bowser*, with him *H. N. Snyder, S. B. Cochran* and *A. L. Bowser*, for appellee, cited: Scott Twp. v. Montgomery, 95 Pa. 444; Newlin Twp. v. Davis, 77 Pa. 317; Mahanoy Twp. v. Scholly, 84 Pa. 136; Pittston Boro. v. Hart, 89 Pa. 389.

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1912:

The negligence complained of was that the township, defendant, failed to provide a guard rail at a narrow place, in a public road, where there was a sharp curve in the road, and an embankment on one side and a declivity on the other. The road at this point was nine feet wide; on the east side there was a railroad embankment ten feet high the foot of which was at the edge of the road. On the west there was a declivity beginning at the edge of the road and extending, with a fall of one foot in three feet, some forty feet to the precipitous bank of a river where the water was forty feet in depth. The plaintiff's wife was riding with his brother in a buggy and when they were at the curve a train approached from their front. The horse turned abruptly from the road, ran down the declivity and plunged into the river. The case was left to the jury to determine whether there was negligence in failing to provide a guard rail and whether the absence of a rail was the proximate cause of the accident.

The contention on behalf of the defendant that the township authorities were under no duty to guard against dangers not in the roadway itself, cannot be sustained. They were not bound to guard against dangers not reasonably to be anticipated, arising from causes beyond the limits of the roadway, but against dangers in such close

proximity to the roadway as to naturally and probably cause injury to travelers, they were bound to provide proper safeguards: Hey v. Philadelphia, 81 Pa. 44; Worrilow v. Township, 149 Pa. 40. In this case there was on one side of a road that was so narrow as to afford little opportunity to guard against a sudden movement of a horse, a steep declivity extending to the edge of the river and on the other an embankment on which, because of the curve, approaching trains would appear to be running directly into the road. The court could not have said that the danger was not to have been foreseen and guarded against nor that the absence of a guard rail was not the proximate cause.

If there was negligence on the part of the driver in taking an unsafe horse on a dangerous road, when he could have taken a safe road, it cannot be imputed to the plaintiff's wife, who had no control over the driver and no knowledge of the roads: Dean v. Railroad Co., 129 Pa. 514; Bunting v. Hogsett, 139 Pa. 363. The case was submitted with great care and accuracy and we find no error in the record that calls for a reversal.

The judgment is affirmed.