# Trumbower *v.* Lehigh Valley Transit Company, Appellant.

*Negligence—Street railways—Head on collision between car and wagon—Imputation of negligence—passenger in carriage—Case for jury.*

1. In an action against a street railway company to recover damages for personal injuries by an occupant of a carriage who was injured in practically a head-on collision between one of defendant's cars and a carriage, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that the accident occurred on a winter night; that snow at the sides of the road was thirty inches in depth and packed and frozen so that vehicles could not pass through it or turn from the track, except at places where openings had been made; that the plaintiff and other occupants of the carriage were vigilant in looking for a car, and that when they first saw one it was 200 or 300 feet in front, running at the rate of 35 or 40 miles an hour; that its head light was very dim, and no notice of its approach had been given; that the driver at once looked for a place where he could turn out, and that the collision occurred while he was in the act of turning into an opening at a gateway.

2. The negligence of the driver of a private conveyance cannot

be imputed to a passenger who has no control over him; but if the passenger voluntarily goes into a patent danger that he could have avoided or joins the driver in testing a danger, he cannot recover for any resulting injury.

Argued Jan. 30, 1912. Appeal No. 342, Jan. T., 1911, by defendant, from judgment of C. P. Montgomery Co., June T., 1910, No. 49, on verdict for plaintiff in case of Adella M. Trumbower v. Lehigh Valley Transit Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WEAND, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing defendant's motion for judgment n. o. v.

*Nicholas H. Larzelere,* with him *Franklin L. Wright* and *Charles Townley Larzelere,* for appellant.—Under the facts there is no evidence or fact which is sufficient to warrant the submission of negligence by the motorman to the jury. The case is very similar to Wagner v. Lehigh Traction Co., 212 Pa. 132.

Assuming the appellee's theory that the snow at the side rendered the sides of the highway impassible, she then chanced her safety in a narrow lane formed by snow, without an opportunity of turning out or retracing her steps, at a time when a trolley car was due. This was in itself an act of negligence.

See also Warner v. People's St. Ry. Co., 141 Pa. 615.

The excuse that the plaintiff did not know the road or the conditions will not avail her. She had been over the

road before; she knew the character of the recent storm, the fact that there was a single track in the middle of the highway; and on inquiry she could have learned the true condition from Warburton, who had just traversed it. The burden is upon a person traveling over a road at night to inform himself of danger and not to go blindly into possible danger: Anspach v. Phila. & Reading Ry. Co., 225 Pa. 528; Winner v. Oakland Twp., 158 Pa. 405; Snyder v. Penn Twp., 14 Pa. Super. Ct. 145; Lawrence v. Fitchburg etc. Ry. Co., 201 Mass. 489 (87 N. E. Repr. 898).

*Henry M. Brownback,* for appellee.—The necessity to give timely notice by an electric car depends upon the circumstances of the case.

That the wagon was lawfully upon the public highway and lawfully upon the tracks of the appellant is sustained by abundant authority: Rively v. Media etc. Ry. Co., 228 Pa. 9; Minnich v. Wright, 214 Pa. 201; McFarland v. Traction Co., 204 Pa. 422; Rote v. Penna. etc. Ry. Co., 34 Pa. Super. Ct. 508; Sturgeon v. Traction Co., 216 Pa. 322; Hochheiser v. Pittburgh Rys. Co., 226 Pa. 316.

Even should the court be of opinion that there was concurrent negligence between the driver of the vehicle and appellant, such negligence could not be imputed to the appellee who rode therein by invitation and who assumed no control over the vehicle and used all ordinary care: Snow v. Tract. Co., 45 Pa. Super. Ct. 422; Carlisle Borough v. Brisbane, 113 Pa. 544; Carr v. Easton, 142 Pa. 139; Dean v. R. R. Co., 129 Pa. 514; Crescent Twp. v. Anderson, 114 Pa. 643; Kunkle v. Lancaster County, 219 Pa. 52; Wade v. R. R. Co., 220 Pa. 578; Anspach v. Ry. Co., 225 Pa. 528; Ralston v. Traction Co., 13 Pa. Super. Ct. 412.

OPINION BY MR. CHIEF JUSTICE FELL, March 18, 1912:
At the place of the accident in which the plaintiff was

injured, the defendant's track was in the middle of a narrow but much used turnpike road. Snow had been thrown from the track on the sides of the road and was of a depth that made it difficult for vehicles to travel at the sides of the road or to turn from the track to the side when cars or vehicles going in an opposite direction were met. This condition had existed for several weeks during which time travel had been practically confined to the track. The plaintiff, a young woman, and two other persons who accompanied her, had been met at a railroad station by a friend, who was taking them in his carriage to his home as his guests. It was a bright, moonlight night and there was an oil lamp on the front of the carriage. The road was straight for a long distance but the undulations of its surface obscured at times the headlight of a moving car. The horse and carriage were struck by a car which approached from the direction in which they were going. The testimony in relation to the speed of the car, the condition of its headlight, the failure to give warning of its approach, the depth of the snow at the sides of the road and of the care exercised by the driver and by the plaintiff, who was at his side, on the front seat of the carriage, to look out for their own safety was conflicting. It was submitted to the jury by a charge which was full and fair to both sides and exceptionally clear and accurate and to which the only error assigned is the refusal to direct a verdict for the defendant.

There was testimony which tended to show that the snow at the sides of the road was thirty inches in depth and packed and frozen so that vehicles could not pass through it or turn from the track, except at places where openings had been made; that all the occupants of the carriage were vigilant in looking for a car, and that when they first saw one it was two hundred or three hundred feet in front, running at the rate of thirty-five or forty miles an hour, that its headlight was very dim and no notice of its approach had been given; that the driver at

once looked for a place where he could turn out and that the collision occurred while he was in the act of turning into an opening at a gateway.

It may be in view of all the testimony in the case, that the driver relied too much on the motorman looking out for him and failed to act with ordinary prudence. But with the driver's negligence we are not concerned unless it affected the plaintiff's right to recover.

The negligence of the driver of a private conveyance cannot be imputed to a passenger who has no control over him: Carr v. Easton, 142 Pa. 139; Little v. Telegraph Co., 213 Pa. 229; Walsh v. Ry. Co., 232 Pa. 479; Kammerdiener v. Rayburn Township, 233 Pa. 328. A passenger is answerable for the consequences of his own negligence and if he voluntarily goes into a patent danger that he could have avoided or joins the driver in testing a danger, he cannot recover: Crescent Twp. v. Anderson, 114 Pa. 643; Kunkle v. Lancaster County, 219 Pa. 52. The plaintiff was a guest and had no control over the driver, and the danger in driving in the tracks was not so manifest that she can be said to have been negligent.

The judgment is affirmed.