# Lancaster *v.* Reese, Appellant.

*Negligence—Automobiles—Head-on collision—Death of passenger—Absence of lights—Failure to blow horn—Speed—Conflicting evidence—Contributory negligence of passenger—Case for jury.*

1. In an action to recover for the death of plaintiff's husband occasioned by a head-on collision between two automobiles, in one of which he was seated, the case was for the jury and a verdict for the plaintiff will be sustained where it appears that deceased was a salesman whose duty it was to dispose of the cargo of the car in which he was riding; and that it was the duty of the driver thereof to carry the goods to the customers and help to unload them, and that the deceased had nothing to do with the actual driving of the automobile; that the collision occurred early on a dark, rainy and foggy morning; that three lights were burning on the truck in which deceased rode and the driver thereof sounded a warning of his approach; that the lights on the defendant's truck were not burning and its horn was not blown; and there was conflicting evidence as to the negligence of the chauffeur of the truck in which deceased was riding, and as to the speed of the two cars.

2. In such case defendant's rights were sufficiently protected by instructions to the jury to the effect that if deceased could have done anything that a reasonably prudent man would have done under the circumstances in order to avoid the accident and did not do so, he was guilty of contributory negligence and his widow could not recover.

*Practice, Supreme Court—Assignments of error—Insufficient assignments—Rule 28—Excessive verdict—Reduction by lower court —Appeals.*

3. An assignment of error relating to the admission of testimony is in disregard of Rule 28 of the Supreme Court and will be dismissed where it fails to set forth the testimony complained of.

4. Where at the conclusion of the charge, counsel for defendant stated to the court that he took but one exception to it, which was to a portion of the charge, he could not complain on appeal of other portions of the charge to which no exception was taken and assignments based on such parts of the charge will be dismissed.

5. In an action to recover for the death of plaintiff's husband, a verdict of $20,000, reduced to $15,000 by the lower court, will not be further interfered with on appeal, the excessiveness of the verdict being for the lower court.

Argued Jan. 17, 1918. Appeal, No. 253, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March Term, 1915, No. 1060, on verdict for plaintiff in case of Ella Lancaster v. H. D. Reese. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before BARRATT, P. J.

From the record it appeared that plaintiff's decedent was seated in an automobile truck which was being driven eastward along Baltimore avenue and where it collided with defendant's truck, which was being driven westwardly along the same highway. The collision occurred on a dark, rainy and foggy morning at 6:25 o'clock. There were three lights burning on the front of the truck in which deceased was riding and the driver thereof sounded his horn just before the collision. There were no lights on the front of defendant's truck, which gave no warning of its approach. When the two trucks collided, the truck in which deceased rode rebounded about fifteen feet. The evidence was conflicting as to the negligence of the chauffeur of the truck in which deceased was riding and as to the description of the roadway and as to the speed of the two automobiles.

The facts further appear by the opinion of the Supreme Court.

Verdict for plaintiff for $20,145.20. The verdict was subsequently reduced to $15,000, upon which judgment was entered for that amount. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and in refusing defendant's motion for judgment non obstante veredicto.

*J. Hibbs Buckman,* of *Buckman & Buckman,* for appellant.

*Francis M. McAdams,* with him *J. Paul MacElree* and *William H. Wilson,* for appellee.

Per Curiam, February 25, 1918:

Under the evidence submitted by the plaintiff, the negligence of the defendant's chauffeur was for the jury, and they were instructed by the learned trial judge three or four times that unless they found he had negligently operated his employer's automobile there could be no recovery by the widow of the deceased. One of the contentions of the appellant is that the collision was due to the negligence of the chauffeur who operated the automobile in which the deceased was riding, and, as such negligence was imputable to him, there can be no recovery. As to this the following instruction was given to the jury, to which no exception was taken: "It appears from the evidence that he [the deceased] and the driver of the automobile had their respective duties; he to dispose of the cargo as salesman, and the driver to carry the goods to the customers and to help to unload them; that the deceased man had nothing to do with the actual driving of the automobile. Do you believe that there was anything that the deceased man did or omitted to do that, had he done it or omitted to do it, would have avoided this accident? That is for you under the evidence. If he could have done anything to have avoided the accident, anything that any reasonably prudent and careful man would have done under the circumstances, and did not do it, then he would be guilty of contributory negligence, and if he was guilty of contributory negligence, then no matter whether either or both the chauffeurs were guilty of negligence, his widow, the plaintiff here, could not recover."

It does not appear from the fifth assignment what the testimony of Benjamin A. Brooks was, and that assignment is dismissed for disregard of rule 28. No error appears in the sixth assignment, and it, too, is dismissed.

At the conclusion of the charge counsel for defendant

stated to the court that he took but one exception to it, which was to that portion of it which referred to the testimony of Brooks, the actuary. Assignments 7, 8, 9, 10 and 11, which now complain of other portions of the charge, are, therefore, dismissed. The excessiveness of the verdict was for the court below. In the exercise of its discretion the same was reduced to $15,000, and we cannot interfere further with it.

Judgment affirmed.