## Baker v. Director General of Railroads.

*Negligence—Contributory negligence—Automobiles—Negligence of driver not attributed to guest—Grade crossings—Charge of court—New trial.*

1. When dangers which are either reasonably manifest or known to an invited guest confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery.

2. Although a guest is not required to exercise the same degree of care and watchfulness as the driver, and the carelessness of the latter is not to be imputed to the former, yet a passenger must bear the consequences of his own negligence when he joins in testing a danger.

3. The extent to which one in the position of a guest should appreciate an impending peril and act in relation thereto depends upon the facts peculiar to each case, and unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination.

4. In an action by a widow for damages for personal injuries to herself and for the death of her husband in a railroad grade crossing case, where it appeared from the evidence that the automobile in which the plaintiff was riding at the time of the accident was driven by her daughter-in-law, the court charged the jury that for the purpose of inquiring into the question of contributory negligence, "the daughter-in-law who was driving the automobile may be regarded as the agent of her father-in-law and her mother-in-law, and her actions and omissions, if any, as theirs:" *Held*, error, and rule by plaintiff for a new trial made absolute.

*Practice, C. P.—Reasons for new trial—Rules of court—Special leave.*

5. Whilst under rule xli, section 1, of the Rules of Court, reasons for a new trial must be filed within four days after the verdict, the court in a proper case may consider reasons filed later without special leave.

Rules for new trials. C. P. Berks Co., June T., 1920, Nos. 74 and 75.

*H. P. Keiser* and *J. A. Keppelman*, for plaintiff and rules.

*Snyder, Zieber & Snyder*, for defendant.

ENDLICH, P. J.—On the evening of Aug. 30, 1919, the plaintiff in these actions and her husband were riding as guests of their daughter-in-law in an automobile owned and driven by the latter. It was a cabriolet, in which the driver sits slightly forward of the remaining occupants. The windows were all open, as well as the wind-shield. In attempting to cross the Philadelphia &

3 D. & C.

Reading Railway Company's tracks at grade, the automobile was struck by a train approaching the crossing. The machine was wrecked, the plaintiff seriously injured and her husband killed. These actions are brought by the widow to recover damages, the one for the loss of her husband and the other for personal injuries to herself. The verdict in each case was for the defendant, and the plaintiff has obtained these rules for new trials. The reasons filed in support of them are the formal ones and an additional one filed later, apparently without special leave of the court, and, therefore, obnoxious to section 244 of the rules of this court: see Com. v. Hawman, 3 Berks Co. L. J. 305, 307; Railroad Co. v. Reading, 7 Berks Co. L. J. 70, 81. It is, however, deemed advisable to pass this objection by and consider the additional reason referred to, which is the only one that was pressed at the argument in these cases, and which alleges error in the following portion of the charge:

"If there was negligence on the part of the railroad company, then you will still have to inquire further whether there was any contributory negligence on the plaintiff's part; and for the purposes of that inquiry in this case, the daughter-in-law, who was driving the automobile, may be regarded as the agent of her father-in-law and her mother-in-law, and her actions and omissions, if any, as theirs."

The rule gatherable from all the cases dealing with the subject, among which may be mentioned the more recent ones of Crescent Township v. Anderson, 114 Pa. 643, 647; Dean v. Railroad Co., 129 Pa. 514, 525; Carr v. Easton, 142 Pa. 139; Winner v. Oakland Township, 158 Pa. 405, 410; Jones v. Railroad Co., 202 Pa. 81, 83; Dryden v. Railroad Co., 211 Pa. 620, 623; Little v. Telegraph Co., 213 Pa. 229, 237; Thompson v. Railroad Co., 215 Pa. 113, 115; Kunkle v. Lancaster County, 219 Pa. 52, 55; Walsh v. Railway Co., 232 Pa. 479, 484-5; Kammerdiener v. Rayburn Township, 233 Pa. 328, 330; Wachsmith v. Railroad Co., 233 Pa. 465, 466; Proctor v. Transit Co., 235 Pa. 373, 377; Trumbower v. Transit Co., 235 Pa. 397, 401; Senft v. Railway Co., 246 Pa. 446, 448; Dunlap v. Transit Co., 248 Pa. 130, 133; Sisson v. Philadelphia, 248 Pa. 140, 142; McLaughlin v. Railways Co., 252 Pa. 32, 35; Hardie v. Barrett, 257 Pa. 42, 46; Vocca v. Railroad Co., 259 Pa. 42, 45-6; Lancaster v. Reese, 260 Pa. 390; Wanner v. Railway Co., 261 Pa. 273, 278-9; Laudenberger v. Transit Co., 261 Pa. 288; Eline v. Railway Co., 262 Pa. 33, 37-8; Azinger v. Railroad Co., 262 Pa. 242, 250; Martin v. Railroad Co., 265 Pa.. 282, 285; Minnich v. Transit Co., 267 Pa. 200, 204-5; Keinath v. Bullock, 267 Pa. 589, 591; Hill v. Transit Co., 271 Pa. 232, 236; Volk v. Turnpike Road Co., 66 Pa. Superior Ct. 493, 496; Von Bergen v. Railroad Co., 70 Pa. Superior Ct. 46, 49; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536, 538, is that when dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery; that although a guest is not required to exercise the same degree of care and watchfulness as the driver, and the carelessness of the latter is not imputed to the former, yet a passenger must bear the consequences of his own negligence when he joins in testing a danger; that the extent to which one in the position of a guest should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case, and unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination; the authorities, however, recognizing the fact that, in measuring the adequacy of the oppor-

tunity for control, there are occasions when any pronounced effort in that direction might do more harm than good.

A careful reading of this rule in the light of the decisions shows that in the charge it was stated too broadly. In effect, it imposed upon the plaintiff the same measure of care as is required of the driver. The law does not hold a passenger to such a standard of duty. As was said in Azinger *v.* Railroad Co., 262 Pa. 242, 250: "The tendency of our decisions is to hold a passenger responsible for his actual negligence in joining with the driver in testing a danger he knows exists, and not for the result of mere inaction in failing to discover dangers of which he is ignorant, but might have discovered had he been giving attention to the roadway ahead of him."

In other words, a passenger is not bound to maintain a constant lookout and to observe at all times the roadway ahead of him to discover possible danger ahead, as is required of the driver; he need only exercise a reasonable degree of watchfulness and act in view of his knowledge of the existence of danger. That there may be circumstances under which it becomes the duty of the court to declare that there was contributory negligence on the part of the passenger, and to instruct the jury accordingly, is very certain, and the cases cited furnish abundant illustrations of this qualification of the rule stated. There are among the cases enumerated some in which this has been done and some in which it was said that it ought to have been done. But the circumstances of this case are not so one-sided. The plaintiff was not what can fairly be called familiar with the road the automobile was traveling on, nor was any one of the persons in the car, though they had gone over it in the opposite direction within half an hour before the accident. Indeed, the dangers that existed were practically unknown to all of them. It was dusk, making lights necessary. There was an incline in the road leading up to the crossing, precluding a view of the tracks until the top was reached. There was a warning sign located along the side of the road, about fifteen feet from the crossing; but it was testified that at the time of the accident it was dusty and faded and somewhat difficult to read in the dusk. There was at the crossing no watchman, nor were there safety-gates, nor an alarm-bell, nor any lights whatever. The electric headlight of the engine was lighted, but dimmed. It was substantially conceded that no whistle was blown, and there was evidence (not, however, uncontradicted) that no bell was rung. The driver of the automobile testified that she stopped at the foot of the incline to turn on her lights, proceeded in first gear at the rate of five or six miles an hour, and stopped again when she got to the top and before she reached any railway track; and her account was in the main corroborated by the testimony of the plaintiff herself. On the other hand, the collision occurred, as the driver further testified, after she had crossed the first track and virtually the moment she got upon the second; and she admits that from the point where she last stopped a view of the railway track in the direction from which the train approached was afforded for a distance of 200 or 300 feet. In these circumstances, it seems very free from doubt, under the cases cited, that it was the jury's business to pass upon the question whether the plaintiff paid such attention to the road and its relation to the railway as in prudence she ought, and whether she failed to do what she reasonably could and should have done in the way of avoiding the danger threatening her. That question was taken from the jury by the instruction recited, and to that extent there was error—error sufficient to entitle the plaintiff to new trials.

The rules to show cause are made absolute.

From Wellington M. Bertolet, Reading, Pa.