# Township of Crescent *versus* Anderson and Wife.

1. Where the driver of a vehicle is not a common carrier, and an accident happens to one riding with him, through the concurrent negligence of the driver and the supervisors of the road, the negligence of the driver cannot be imputed to the party injured, where he himself did not contribute to the accident; but where he willingly joined with the driver in testing the danger, he is guilty of negligence, and is responsible for the consequences of his own act.

2. One who knows, or by ordinary care may know of a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect.

3. The right of the public to the use of the highways is subordinate to the right of the public authorities to make reasonable repairs for the public benefit.

November 10th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MURCUR. C. J., absent.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county:* Of October Term, 1886, No. 221.

Trespass on the case by William Y. Anderson and Nancy Cordelia Anderson, his wife, in right of said wife, against the Township of Crescent to recover damages for injuries, sustained through the alleged negligence of the supervisors of the road of said township, in not keeping the public road in a passable condition.

Plea, not guilty.

The facts as they appeared on the trial of the cause before COLLIER, J., sufficiently appear in the opinion of the Supreme Court.

The defendant presented the following points: 1. That the plaintiffs' case shows a case of negligence on their side contributing to the injury. Answer. Refused. (First assignment of error.) 2. That the case fails to show any negligence on the part of the township. Answer. Refused. (Second assignment of error.) 3. That under all the evidence the verdict must be for the defendant. Answer. Refused. (Third assignment of error.)

Verdict for the plaintiff in the sum of $1,500, and judgment thereon, whereupon the defendant took this writ and filed the above assignments of error.

*John S. Ferguson*, for plaintiff in error.—It will of course not be disputed that, if the negligence of McKinley, the driver

[Township of Crescent v. Anderson.]

of the vehicle, contributed to the injury, the plaintiffs were not entitled to recover. Philadelphia & Reading Railroad Co. v. Boyer, 97 Pa. St., 91.

The negligence of McKinley clearly appears from his own statement and from that of Mrs. Anderson. It was, therefore, the duty of the Court to have directed a verdict for the defendant. Payne v. Reese, 12 W. N. C., 97; City of Scranton v. Hill, 102 Pa. St., 378; Monongahela City v. Fisher, 1 Amerman, 9; P. R. R. Co. v. M. Tighe, 46 Pa. St., 316; Erie v. Magill, 101 Pa. St., 616.

The burden of proving the defendant's negligence affirmatively is on the plaintiffs. Baker v. Fehr, 97 Pa. St., 70.

A municipality is not an insurer against all defects even in its highways, and if a defect exists in them or is the work of a wrong doer, notice must be brought home to the corporation, or the defect must be so notorious as to be evident to all passers. Rapho & W. H. Twps. v. Moore, 18 P. F. S., 404.

*W. C. Erskine*, for defendant in error.—The negligence of McKinley the driver cannot be imputed to the plaintiff; Borough of Carlisle v. Brisbane, 3 Amerman, 544.

This case was properly submitted to the jury by the Court. The evidence was such and the circumstances of the case were of such a character that the Court could not, under the authorities take the case from the jury: R. R. Co. v. Barnett, 9 P. F. S., 259; R. R. Co. v. Coon, 1 Amerman, 440.

" Circumstances may beget duties which under ordinary circumstances cannot be implied, and when such circumstances are shown to exist the question arising therefrom is not for the Court, but for the jury." Schelly v. Abernethy, 2 Amerman, 437; Hydraulic Works Co. v. Orr, 2 Norris, 332.

The jury by its verdict found that the township was negligent, and the plaintiff was clear of contributory negligence. Hey v. Philadelphia, 31 P. F. S., 50; Macungie Twp. v. Merkhoffer, 71 Pa. St., 278.

Negligence is the absence of care according to the circumstances, and is always a question for the jury where there is a reasonable doubt as to the facts, or as to the inferences to be drawn from them, where the measure of duty is ordinary and reasonable care, and the degree of care varies according to the circumstances, the question of negligence is necessarily for the jury: Penn. R. R. Co. v. White, 88 Pa. St., 333; Germantown R. R. Co. v. Walling, 97 Pa. St., 62; Pa. R. R. Co. v. Burnett, 9 P. F. S., 259; McKee v. Bidwell, 24 P. F. S., 218; R. R. Co. v. Coon, 1 Amerman, 440; Schum v. P. R. R. Co., 11 Out., 8.

It is only when the undisputed evidence is so clear that it

[Township of Crescent *v.* Anderson.]

does not admit of any other theory, that the Court can decide that the plaintiff was guilty of contributory negligence *per se*: P. R. R. Co. *v.* Ogier, 11 Casey, 60; Baker *v.* Fehr, 1 Out., 70; Catawissa R. R. Co. *v.* Armstrong, 2 P. F. S., 282.

It was not a defence to the township to show that by careful driving accident might have been avoided at the place in question. A highway must be kept in such repair that even skittish animals may be employed without risk. Lower Macungie Twp. *v.* Merkhoffer, 71 Pa. St., 278; Hey *v.* Phila., 81 Pa. St., 51; Raphoe *v.* Moore, 68 Pa. St., 404.

Mr. Justice CLARK delivered the opinion of the court, February 7th, 1887.

This action was brought to recover damages for an injury alleged to have been received by Nancy Cordelia Anderson, wife of William Y. Anderson, from a defective highway in the village of Shousetown, in Crescent Township.

A small ravine, perhaps four feet deep and fourteen feet wide, crossed Main street in the village named; it was covered by a bridge eighteen feet in width, which was the only travelled portion of the street at that point. On the 17th November, 1884, the plaintiff, Nancy Cordelia Anderson, came to this crossing in a spring wagon; her father, John McKinley, sat on the front seat and was driving; the plaintiff sat on the back seat; she had a child four years old on one arm, another two years old on the other arm, and in some way held a third, an infant five months old, at her breast. The seat was fastened by a " spring catch," in such form as to be removable at pleasure. They found the bridge in process of repair; the planks had been lifted and the bridge could not be crossed. There was a space, however, above the bridge wide enough to admit the wagon, and through this space McKinley drove to the other side. As the front wheels ascended the bank from the ravine, McKinley says, " one of the catches sprung out with the jerk into the gully," the seat turned over, and Mrs. Anderson and the three children were precipitated into the ravine; from this fall she received the injury complained of.

On part of the defendant it is contended, in the first place, that there is no evidence of negligence on part of the township, and in the second place if there was, there was evidence also to establish the negligence of the plaintiff contributing to the injury, and that in either case the court should have instructed the jury to find in favor of the defendant.

If it were conceded, that when the plaintiff and her father came up to the bridge and saw the condition of the crossing, they could have turned and taken another route known to be safe, or if they had been in proper time warned to take that

other route, then we would favor the plaintiff's first contention; for, it was the duty of the township officers to keep the bridge in proper repair, and it is admitted that it was uncovered for that purpose; if the planks had become unsafe they not only had a right, but it was their duty, to remove them; if found unfit to be put down again, it was their duty to provide others, and to complete the work with reasonable dispatch; and where, as in this case, the repairing of the bridge would seem to be inconsistent with the ordinary one of the highway at that point, they had the authority to turn the public into some other route until the work was done. The planks were taken up and found unfit for further use; others were ordered and the work on the bridge was suspended until they could be supplied. Barriers were erected and the public warned, not only not to cross the bridge, but the ravine above it; a plank was laid on tressels on one side of the bridge, the remaining planks were placed on a pile on the other side, and some broken pieces, the limb and the butt of a tree were interposed as a barrier above the bridge. Boley testifies that he removed these barriers above the bridge in order to effect a passage with his wagon, but this was done a very short time only before the accident, and without the knowledge of any one representing the township. McKinley says that in the ravine there were " some old pieces of stuff as if a person had thrown them in and went across with a wagon, old pieces, block, brush broken off and thrown in to kind of fill it up."

But however this may be, when Mrs. Anderson and her father came up to the bridge, they stopped, and she could plainly see that it was temporarily closed to prevent travel over it. It was manifest, also, that the bridge was the travelled way over the ravine. Country roads are not in all places prepared for travel, for the full width of the highway; a traveler's duty ordinarily is to follow the prepared track, if that is in good condition; if he knowingly and intentionally chooses to deviate from it, without cause, and suffers an injury, in consequence, the township is, in general, not liable for the damages. But as the track over the bridge was obstructed by the barrier, the plaintiff had the right to deviate from that route and pass around the bridge, if in the exercise of ordinary care and prudence such a passage would appear to be reasonably safe, but she was bound to the exercise of care. She came to the bridge in the daytime, about eleven o'clock in the morning, and she could see plainly that the route around the bridge was not prepared for the passage of vehicles; the ravine, its approaches, its depth, and width were all fully exposed to view; there was no water in it, there was no latent defect or danger; if it was a dangerous place she could as readily discern the fact as

her father or the supervisor, and it was her duty to see what was clearly exposed to her view. Under the noting of Carlisle *v.* Brisbane, 18 W. N. C., 220, 3 Amerman, 544, the negligence of McKinley could not, perhaps, be imputed to her, but she must be held for her own negligence; the danger which was obvious to him was as obvious to her. She made no request of her father to take any other route, or that she might get out of the wagon; she made no objection to crossing the ravine, she willingly joined McKinley in testing the danger, and she is responsible for the consequences of her own act.

Boley says it was a dangerous place, that in his opinion anybody could see it was a dangerous place, by looking at it. Now if the passage at this point was openly and obviously dangerous, it was plainly the plaintiff's duty either to go by some other route, or to get down from the wagon and walk over this ravine, conveying her children in her arms, rather than recklessly to expose herself and them to a danger which was imminent. She had a right to the use of the highway, but that right was subordinated to the right of the public authorities, to make reasonable repairs for the public benefit. She was not justified in braving a known danger, holding the township for the damages. "A person who knows a defect in a highway, and voluntarily undertakes to test it, when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect:" Wharton on Neg., § 440; Forks Tow'p *v.* King, 3 Norris, 230; Pittsb'g Southern Rw. Co. *v.* Taylor, 8 Outerbridge, 306.

Judgment reversed.