# Kunkle, Appellant, v. Lancaster County.

*Negligence—County bridge—Contributory negligence—Nonsuit.*

Where a woman riding in a wagon permits the driver to drive deliberately into a swollen stream in an attempt to find and cross a low sagging county bridge without guard rails, and hidden from sight by the muddy water, and as a result the woman is precipitated into the water and drowned, no recovery can be had from the county for her death, because of her contributory negligence.

Argued May 22, 1907.    Appeal, No. 131, Jan. T., 1907, by plaintiff, from order of C. P. Lancaster Co., Oct. T., 1905, No. 43, refusing to take off nonsuit in case of Francis Kunkle v. Lancaster County.    Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN,JJ.    Affirmed.

Trespass to recover damages for death of plaintiff's wife. Before HASSLER, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in refusing to take off compulsory nonsuit.

*B. F. Davis,* for appellant.—The plaintiff's wife was an entire stranger to the place, had never driven over the road before, nor never on the bridge before.    She was riding in her father-in-law's team, driven by him, and was returning to her home in Lancaster from a visit to her father-in-law.    We contend that it was gross negligence, on the part of the defendant in this case, and no contributory negligence on the part of the plaintiff's decedent: Francis v. Franklin Twp., 179 Pa. 195; Boone v. East Norwegian Twp., 192 Pa. 206; Yoders v. Am-

well Twp., 172 Pa. 447; Newlin Twp. v. Davis, 77 Pa. 317; Burrell Twp. v. Uncapher, 117 Pa. 353; Plymouth Twp. v. Graver, 125 Pa. 24; Finnegan v. Foster Twp., 163 Pa. 135; Little v. Telegraph Co., 213 Pa. 229; Jones v. R. R. Co., 202 Pa. 81; Faust v. Ry. Co., 191 Pa. 420; Humphreys v. Armstrong County, 56 Pa. 204; Sheridan v. Palmyra Twp., 180 Pa. 439; Ryan v. Ardis, 190 Pa. 66; Merriman v. Phillipsburg Borough, 158 Pa. 78; Boro. of Easton v. Neff, 102 Pa. 474; R. R. Co. v. White, 88 Pa. 327; Grambs v. Lynch, 4 Penny. 243; Forks Twp. v. King, 84 Pa. 230.

*John A. Coyle,* of *Coyle & Keller,* with him *N. Franklin Hall,* for appellee.—One who knows, or by ordinary care may know of a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect: Crescent Township v. Anderson, 114 Pa. 643, 647; Winner v. Oakland Twp., 158 Pa. 405; Railway Co. v. Taylor, 104 Pa. 306; Bailey v. Brown Twp., 190 Pa. 530; Boyle v. Boro. of Mahanoy City, 187 Pa. 1; Decker v. East Washington Borough, 21 Pa. Superior Ct. 211.

Where one has the choice of two ways, one safe and the other dangerous, and chooses the latter, he is responsible for all injuries received thereby: Haven v. Bridge Co., 151 Pa. 620; Hill v. Tionesta Twp., 146 Pa. 11; Erie v. Magill, 101 Pa. 616; Forks Twp. v. King, 84 Pa. 230.

Though the negligence of her father-in-law cannot be imputed to the plaintiff's wife, " she must be held for her own negligence." The immunity is not absolute to the extent of excusing reasonable caution in the face of patent danger: Crescent Twp. v. Anderson, 114 Pa. 643; Winner v. Oakland Township, 158 Pa. 405; Dean v. R. R. Co., 129 Pa. 514; Dryden v. R. R. Co., 211 Pa. 620, 623.

The facts were not in dispute. The testimony produced by the plaintiff of itself clearly showed the decedent's negligence: D., L. & W. R. R. Co. v. Cadow, 120 Pa. 559; Baker v. Gas Co., 157 Pa. 593; Myers v. R. R. Co., 150 Pa. 386.

OPINION BY MR. JUSTICE POTTER, June 25, 1907:

The appellant here complains of the refusal to take off a

judgment of compulsory nonsuit. This action was brought to recover damages for the loss of plaintiff's wife, who was drowned on August 25, 1905, while attempting to cross Beaver Creek, upon a bridge maintained by the county of Lancaster. The structure was a low one, only about three feet above the water at the ordinary stage, and was about forty-one feet long and sixteen feet wide. It was without guard rails at the side, and its construction was such that it sagged under the passage of a horse and wagon. On the day of the accident, Beaver Creek was very high, so that it flowed over the bridge to a depth of from two to eight inches, according to the testimony of different witnesses. The water running over the bridge was muddy and the bridge could not be seen, though its location could be fixed by a small wave, on the upper side of the bridge. The roads and fields on either side of the bridge were covered with water, which, on the south side, extended 250 to 300 feet from the bridge. About ten o'clock in the morning of that day, Benjamin Kunkle, the father of the plaintiff, accompanied by the wife of the plaintiff, was driving to Lancaster from his home. When they reached a point about 350 feet from the bridge, where they could see across the water in which the bridge was supposed to be, they stopped and waited for two teams that were coming across the bridge and through the water between them and the bridge. When one of these teams reached them, Benjamin Kunkle, in the hearing of plaintiff's wife, asked the driver of it if the bridge was there, and was told it was when he crossed. Upon receiving this information, he, with the plaintiff's wife, started to drive through the water and over the bridge, and when about the middle of it, a log came down the stream and struck the bridge, causing the horse to shy and step off the bridge, precipitating plaintiff's wife and the father into the water, where they both were drowned.

The facts being undisputed, the trial judge felt that no other inference than that of contributory negligence could be drawn, and he directed a judgment of compulsory nonsuit. Our examination of the evidence has satisfied us that his conclusion was right. This case is closely ruled by the decision in Crescent Township v. Anderson, 114 Pa. 643. There, as here, the plaintiff was driven by her father into a dangerous place, and it was held that she was not justified in braving a known dan-

ger, holding the township for damages; that having willingly joined with the driver in testing the danger, the plaintiff was guilty of negligence, and must assume the consequences of her act. The same principle is maintained in Winner v. Oakland Township, 158 Pa. 405, and in Dryden v. Penna. R. R. Co., 211 Pa. 620. In the present case, while the negligence of the driver was not to be imputed to the plaintiff's decedent, yet she was properly held accountable for her own lack of care. The situation was entirely open to her view. She permitted herself to be driven into the swollen stream and onto a submerged bridge. As the trial judge says, she took the chance of getting over safely, and that chance resulted in her death. In permitting herself to be driven into such a dangerous place, she took all the risk incident to the crossing, not merely that of missing the bridge, or of finding it impassable, but as well that of fright to the horse from such an unusual situation, and the floating debris that might come down the stream. The bridge was not intended to be used as a submerged highway. The flood produced a temporary but most unusual condition of affairs. Driving deliberately into a swollen stream, in an attempt to find and cross a low sagging bridge without guard rails and hidden from sight by muddy water was certainly a reckless procedure. The negligence of the plaintiff's decedent, and that of the father, who was driving, is emphasized by the fact, as it appears from the evidence, that the point at which they stopped just before entering the water was at the junction of another road, into which they might have turned, and gone upon their way, without driving into the obviously dangerous situation which lay in front of them.

The responsibility of deciding this case was properly assumed by the trial judge, and he discharged a plain duty, in drawing from the undisputed facts, the inference of contributory negligence upon the part of the decedent.

The judgment is affirmed.