# Hardie et ux., Appellants, v. Barrett.

*Negligence—Automobiles—Hired car and chauffeur—Manifest negligence of chauffeur—Failure of passengers to object—Collision —Wagon—Absence of lights—Rule of road—Proximate cause— Contributory negligence—Charge—Case for jury.*

1. When possible dangers arising out of the negligent operation of a hired vehicle or conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, he is guilty of negligence which will bar his recovery. While the negligence of the driver is not imputed to the passenger, the latter is fixed with his own negligence when he joins the former in testing manifest dangers.

2. Where in actions by a husband and wife to recover for personal injuries sustained in a collision between an express wagon and an automobile which plaintiffs had hired and which was being driven at the time by the owner's chauffeur, plaintiffs contended that the collision, which occurred on a dark and rainy night, resulted from the defendant's wagon being on the wrong side of the road and without lights, but when it appeared that the husband was in the front seat beside the chauffeur while his wife was in the tonneau, that the weight of the evidence indicated that the automobile was being driven at a speed of forty miles per hour, and that the automobile was on the wrong side. of the road, and when it further appeared that the front lights of the automobile illuminated the road for a distance of 200 feet, the trial judge did not err in charging that if the automobile was being driven at a "manifest improper speed" or manifestly on the wrong place in the road and these faults or either of them contributed to the happening of the accident, and if plaintiffs made no effort to get the chauffeur

to drive at a proper speed and on the right of the road, they would be guilty of contributory negligence, but only if such acts were manifest; and in such cases verdicts for the defendant were sustained.

3. In such case where the accident occurred in New Jersey, and the laws of that state required that all vehicles display lights during certain hours, covering the time when the accident happened, and it was admitted that there were no lights on defendant's wagon, the trial judge did not err in charging, in effect, that if the absence of a light on the wagon was not the proximate cause of the accident, even though an act of negligence on the part of the defendant, it would not justify a recovery by the plaintiffs.

Argued January 22, 1917. Appeals, Nos. 291, 292, Jan. T., 1916, by plaintiffs, from judgments of C. P. No. 1, Philadelphia Co., Sept. T., 1914, Nos. 4200, 4201, on verdicts for defendant in cases of James G. Hardie and Olive M. Hardie, his wife, and James G. Hardie v. William M. Barrett, as President of the Adams Express Company, a Joint Stock Association under the laws of the State of New York. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The facts appear by the opinion of the Supreme Court.

Verdicts for defendant and judgment thereon. Plaintiffs appealed.

*Errors assigned* were various parts of the charge and in refusing plaintiffs' motions for new trials.

*Sydney Young,* for appellants.—The negligence of the driver of an automobile is not to be imputed to the passenger: Dean v. Penna. R. R. Co., 129 Pa. 514; Jones v. Lehigh & New England R. R. Co., 202 Pa. 81; Little v. Hackett, 116 U. S. 366; Trumbower v. Lehigh Valley Transit Co., 235 Pa. 397.

The court erred in the part of its charge relating to the absence of lights on defendant's wagon: Farquhar v.

Webster, Monessen, Bellevernon & Fayette City Street
Ry. Co., 50 Pa. Superior Ct. 536; Dunlap v. Philadel-
phia Rapid Transit Co., 248 Pa. 130.

*John Lewis Evans*, with him *Thomas DeWitt Cuyler*,
for appellee.—While the negligence of a driver of a hired
vehicle cannot be imputed to a passenger, the passenger is
not relieved of responsibility for his personal negligence
in voluntarily going into danger in a vehicle driven in a
manifestly dangerous manner: Township of Crescent v.
Anderson, 114 Pa. 643; Dean v. Penna. R. R. Co., 129 Pa.
514; Winner v. Oakland Township, 158 Pa. 405; Dryden
v. Penna. R. R. Co., 211 Pa. 620; Kunkle v. Lancaster
County, 219 Pa. 52; Thompson v. Penna. R. R. Co., 215
Pa. 113; Walsh v. Altoona & Logan Val. Elect. Ry. Co.,
232 Pa. 479; Wachsmith v. B. & Ohio R. R. Co., 233 Pa.
465; Trumbower v. Lehigh Valley Transit Co., 235 Pa.
397; Senft v. Western Maryland Ry. Co., 246 Pa. 446;
Dunlap v. Philadelphia Rapid Transit Co., 248 Pa. 130.

OPINION BY MR. JUSTICE MOSCHZISKER, March 5, 1917:
On the evening of August 22, 1913, James G. Hardie,
and Olive M., his wife, hired an automobile with its
driver, one Louis S. Chester, Jr., to convey them, with
two women guests, from Sea Isle City, New Jersey, to a
nearby yacht club. On the way, a collision occurred be-
tween the car in which they were riding and a one-horse
express wagon belonging to the defendant company.
Both Mr. Hardie and his wife were injured; they sued
for damages and, by express agreement of record, their
cases were tried together; the issues involved were sub-
mitted to the jury and, in each instance, the verdict fa-
vored the defendant; judgments were entered accord-
ingly, and the plaintiffs have appealed.

The testimony on all the important issues was
most conflicting; but, when viewed in the light of the
verdicts rendered, the following facts can be found
therefrom: The accident happened on a rainy evening,

between 8 : 30 and 9 o'clock; Mr. Hardie occupied a front seat in the automobile, beside the chauffeur, while Mrs. Hardie, her mother and the other woman were in the tonneau; the car was equipped with five lights, "two large acetylene gas lamps on the head, two on the side and one red light in the rear"; the head lights illuminated the road so that one in the car "could see two hundred feet in front," and made the way "bright enough to see distinctly the curb"; the part of the road upon which the accident happened had a curb on the west side and a single track trolley line on the east, with a space of 22 feet between; the automobile was traveling southward, on the left-hand or wrong side of the road, at an estimated speed of 40 miles an hour; the wagon was traveling northward on the right-hand or proper side of the road, the horse going at "a very slow trot"; the driver of the latter vehicle, in an endeavor to avoid the collision, had his horse "nearly half way over" the trolley track when the accident occurred; the automobile struck the wagon on the near front wheel; both vehicles were badly damaged.

On the foregoing facts, it may be seen that the chauffeur, and not the driver of the horse and wagon, was the one guilty of the negligence which caused the accident; but the plaintiffs complain that the trial judge committed substantial error by the manner in which he submitted certain issues to the jury. In disposing of these complaints, we shall first consider together assignments one and two.

In brief, the trial judge instructed that, if the automobile was being driven with "manifest improper speed," or if the chauffeur had his car "manifestly on the wrong place in the road," and these faults, or either of them, contributed to the happening of the accident, if the plaintiffs made no effort to "get him to go at a proper rate of speed" or "over on the right side of the road," they would be guilty of contributory negligence; but that they could not be found so guilty unless the before-men-

tioned alleged faults on the part of the chauffeur were "manifest."

In reviewing these instructions, it must be kept in mind that the plaintiffs did not endeavor to excuse the fact that the chauffeur was on the wrong side of the road by explaining he was temporarily and justifiably out of the regular track; on the contrary, they called him as their witness, and each of them gave testimony to substantiate his story that, at the time of the accident and prior thereto, he had been continually driving on the proper side of the road, at a speed not exceeding 15 miles an hour, which was much lowered immediately before the collision. Both plaintiffs not only stood upon but reiterated this account of the manner in which the automobile was alleged to have been handled; and, of course, ex necessitate, it excluded the possibility of a remonstrance on their part having been made to the chauffeur, by eliminating all possible reasons therefor; moreover, the plaintiffs' attitude at trial, in a manner, adopted, or set their seal of approval upon, the chauffeur's real conduct, as the jury found it to be.

The rule is well established that, when possible dangers, arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recovery. In other words, the negligence of the driver is not imputed to the passenger, but the latter is fixed with his own negligence when he joins the former in testing manifest dangers. For discussion and, in some instances, application of this rule, see Township of Crescent v. Anderson, 114 Pa. 643; Dean v. Penna. R. R. Co., 129 Pa. 514; Winner v. Oakland Township, 158 Pa. 405; Dryden v. Penna. R. R. Co., 211 Pa. 620; Thompson v. Penna. R. R. Co., 215 Pa. 113; Kunkle v. Lancaster County, 219 Pa. 52; Walsh v. Altoona & Logan Val. Elec. Ry. Co., 232 Pa.

479; Wachsmith v. Balto. & Ohio R. R. Co., 233 Pa. 465; Trumbower v. Lehigh Valley Transit Co., 235 Pa. 397; Senft v. Western Maryland Railway Co., 246 Pa. 446; Dunlap v. Philadelphia Rapid Transit Co., 248 Pa. 130.

Here, the clear, strong, preponderating evidence shows that the chauffeur was seen by numerous disinterested witnesses, some three or four blocks north from the point of the accident, driving in a reckless manner, at an estimated speed of 40 miles an hour, on the wrong side of the road, quite close to the trolley track; furthermore, the admissions of the plaintiffs show that they both were familiar with automobiles and able to appreciate the possible dangers of this highly improper course of conduct. As already indicated, since the story told by the plaintiffs, as to the management of the motor, was rejected by the jury, the position assumed by the former at trial left but one conclusion possible, i. e., that they had joined the chauffeur in testing the dangers of the situation created by the way in which the car was in fact being driven. Under the circumstances, we see no error in the instructions complained of.

At this point it is but fair to say that the instructions in question were coupled with a correct and fair presentation of the plaintiffs' side of the case, and the jurors were plainly told that, if they believed the plaintiff's testimony, they should render a verdict accordingly.

One other assignment calls for consideration. There is an act of assembly in New Jersey which requires all vehicles to have lights displayed thereon during specified hours, covering the time when this accident happened; and the defendant admitted there was no light on its wagon. The trial judge directed attention to this state of affairs, and instructed the jurors that, if the absence of a light "contributed to the accident, if that...... prevented the plaintiffs' chauffeur from seeing the horse and wagon, that may be considered by you as an act of negligence which caused the accident;......and....,...if ......there was no negligence on the part of the plain-

tiffs, the plaintiffs would be entitled to your verdict."
These instructions were practically the last word to the
jury, and we think them as favorable to appellants as
they had a right to expect. Had there been a light on the
wagon, it might have saved the plaintiffs from the result
of their own negligence in permitting the car occupied
by them to be driven in the manner in which it was oper-
ated on the night of the accident; but even this is hardly
probable, since the plaintiffs said the acetylene gas lights
on the front of their automobile enabled them to see at
least 200 feet ahead. On the other hand, if the absence
of a light on the wagon was not the proximate cause of
the accident, even though an act of negligence on the
part of the defendant, it would not justify recovery by
the plaintiffs. (Christner v. Cumberland & Elk Lick Coal
Co., 146 Pa. 67) ; and this in effect is what the trial judge
said to the jury.

The assignments of error are overruled and the judg-
ments affirmed.