# Wagenbauer, Appellant, *v.* Schwinn.

*Negligence—Automobiles—Speed—Passenger—Guest—Contributory negligence—Conflict of laws—Act of May 16, 1921, P. L. 582.*

1. Guests in an automobile are not without certain duties as to the manner in which the car they are riding in is being driven.

2. A guest cannot recover for personal injuries from the owner and driver of a car in which he was riding, where it appears he was seated in the front seat with the driver, that he made no objection to the speed, which was alleged to be the cause of the accident, and that he was satisfied with the way the car was driven.

3. Not decided whether in an automobile-negligence case where the accident happened in New Jersey, and plaintiff did not declare on the New Jersey statute nor offer it in evidence, the presumption will prevail that the New Jersey law was the same as the Pennsylvania law, as to speed prohibited in the Act of May 16, 1921, P. L. 582.

Argued May 30, 1925.   Appeal, No. 361, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 2488, on verdict for defendant, in case of Charles Wagenbauer v. George W. Schwinn.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Trespass for personal injuries.   Before McMichael, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*George J. Edwards, Jr.,* with him *Ralph S. Croskey,* for appellant.—There is no evidence in the case as to the law of New Jersey on this subject and the general rule applies that the law of another state involved in the trial of a cause will be presumed to be the same as the law of the forum, in the absence of evidence to the contrary: Cape May Real Estate Co. v. Henderson, 231 Pa. 82; Musser v. Stauffer, 178 Pa. 99; Roberts v. Baking Co., 283 Pa. 573.

It was error for the trial judge to charge that no presumption of negligence arose from the testimony as to unlawful speed: Fry v. Brubaker, 77 Pa. Superior Ct. 438; Drake v. Fenton, 237 Pa. 11; Shaffer v. Mowery, 265 Pa. 300; Stehle v. Machine Co., 225 Pa. 348; Jaras v. Wright, 263 Pa. 486; Rockett v. Phila., 256 Pa. 347.

This is what is commonly known as a "guest" case, in which cases the defendant owes plaintiff the duty of ordinary care: Cody v. Venzie, 263 Pa. 541, 546; Ferrell v. Solski, 278 Pa. 565, 567.

It was error for the trial judge to charge that the duty rested on plaintiff to keep his eyes ahead: McClung

v. Cab Co., 252 Pa. 478; Washington v. Gulf Refining Co., 257 Pa. 157.

*Layton M. Schoch,* for appellee, cited: Ferrell v. Solski, 278 Pa. 565; Patton v. Traction Co., 132 Pa. 76; Hill v. Transit Co., 271 Pa. 232; Goldberg v. Friedrich, 279 Pa. 572; Roberts v. Baking Co., 283 Pa. 573; Allen v. R. R., 229 Pa. 97; Hogarty v. Ry., 255 Pa. 236; Greenwood v. R. R., 124 Pa. 572; Wade v. R. R., 220 Pa. 578; Dunlap v. Transit Co., 248 Pa. 130; Martin v. R. R., 265 Pa. 282.

OPINION BY MR. JUSTICE SCHAFFER, January 4, 1926:

Defendant driving his own automobile in which plaintiff and others were guests on a ten-foot-wide bituminous road in the State of NewJersey with gravel and sand "shoulders" approached a turn in the road, where it was intersected by another sandy country road, without moderating his speed, which was at least thirty-five miles an hour, and in endeavoring to make the turn the car upset and plaintiff sustained the injuries to recover damages for which this action is brought. The trial resulted in a verdict for defendant and from the judgment thereon plaintiff appeals.

The contention of appellant is that the overturning of the car was due to the unlawful speed at which it was driven and he relies as the basis for his charge of unlawful speed upon the fact that under the Pennsylvania Motor Vehicle Act of June 30, 1919, P. L. 678, as amended by the Act of May 16, 1921, P. L. 582, section 8, a speed in excess of thirty miles an hour is prohibited and upon the presumption (Roberts v. Freihofer Baking Co., 283 Pa. 573) that the New Jersey law is the same as our own. He did not declare on the New Jersey statute nor did he offer it in evidence. It may be a very interesting question for investigation when its solution is necessary to the determination of a case whether the presumption as to similarity of the law applies to such an enactment

as the regulation of speed (see Wigmore on Evidence, 2d ed., vol. 5, sec. 2536) but we are not called upon to pursue the investigation in this case because the plaintiff is barred from recovery by his own concurring negligence.  He was seated on the front seat of the car with the driver and testified that he made no objection to the speed, indeed that he was satisfied with the way defendant was driving, that just prior to the accident he had paid no attention to what was in front of him on the road, but had been leaning over the back of the seat talking to those who were seated in the rear.   Under these circumstances, we fail to see how plaintiff can set up as negligent conduct that which he approved : Hardie v. Barrett, 257 Pa, 42.   Guests in an automobile are not without certain duties as to the manner in which the car they are riding in is being driven (Ferrell v. Solski, 278 Pa. 565, 570) ; here plaintiff admits he either ignored or failed to observe his duty and thereby he concurred in any negligent act of his host.   Furthermore, a reading of the record does not carry to our minds the certain conclusion that it was the speed at which the car was being driven which caused its upset, rather it would seem that the sand in the "shoulders" of the road may have been the important factor in the accident.

The judgment is affirmed.