## Ellenberger v. Kramer, Appellant.

Argued April 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*James E. Marshall,* of *Marshall & McCandless,* for appellant.

*J. Campbell Brandon,* with him *A. R. Cingolani,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 26, 1936:

This is an action in trespass. Defendant borrowed an automobile to travel from Butler to Beaver Falls on June 2, 1932. He invited the plaintiff, who was described as "a close friend," to ride with him. They arrived safely at their destination but shortly after leaving on the return trip, plaintiff observed that "something snapped in the car and the steering wheel had practically a half turn of play afterwards." Plaintiff testified that he said to defendant, who was driving the car: "Maybe we had better stop and look at it." Defendant replied: "No, I think it will hold until we get to Butler." Plaintiff made no further protest. He testified: "We then went for a short distance, went up a grade and started down and it snapped again and the steering wheel wouldn't take hold at all." Defendant then said to plaintiff: "You better get posted because I can't stop the car." The car went down the road for about three hundred feet, ran into a ditch and turned over, injuring the plaintiff. Plaintiff brought suit for damages. After plaintiff rested his case, defendant moved for a nonsuit and later for binding instructions. Both motions were refused. A verdict was returned for plaintiff in the sum of $5,000. Defendant moved for a new trial and for judgment n. o. v. The court refused to enter judgment n. o. v., but granted a new trial for the reason that the statement of claim was not specific in alleging that the steering apparatus was defective. Defendant appeals and asks this court to enter judgment n. o. v.

Defendant contends there was no evidence of any negligence on his part and that plaintiff's own testimony shows him to be guilty of contributory negligence in

joining with him in testing the danger of proceeding in a palpably defective car. Defendant's position is logically inconsistent, but if plaintiff is guilty of contributory negligence, his recovery for defendant's negligence is, of course, barred.

This court has frequently laid down a principle which finds typical expression in *Hardie v. Barrett*, 257 Pa. 42, 101 A. 75, as follows: "The rule is well established that, when possible dangers, arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recovery. In other words, the negligence of the driver is not imputed to the passenger, but the latter is fixed with his own negligence when he joins the former in testing manifest dangers. [Citing numerous cases.]" In *Eline v. Western Maryland Railroad Co.*, 262 Pa. 33, 104 A. 857, this court said: "A passenger who, having opportunity, fails to warn the driver of a known danger, and to protest against incurring it, is guilty of negligence." In *Curry v. Riggles*, 320 Pa. 156, 160, 182 A. 534, this court said: "Where a car is being improperly driven, a gratuitous passenger who sits beside the driver with full knowledge of the facts and makes no protest, in effect voluntarily joins in testing the danger and is chargeable with contributory negligence." See also *Kunkle v. Lancaster County*, 219 Pa. 52, 67 A. 918, and *Township of Crescent v. Anderson et ux.*, 114 Pa. 643, 8 A. 379. In the latter case the language of this court was that "the danger which was obvious to him [the driver], was obvious to her [the passenger]. She made no request . . . to take any other route, or that she might get out of the wagon; she made no objection to crossing the ravine, she willingly joined [the driver] in testing the danger, and she is responsible for the consequences of her own act."

These cases are of controlling authority in the instant case. The plaintiff's mere statement to the driver: "Maybe we had better stop and look at it," is a suggestion for an inspection and not a protest against proceeding further in a car which was in a suspiciously unsafe condition. It does not relieve plaintiff of the imputation of negligence. When the driver replied, "No, I think it will hold until we get to Butler," and plaintiff made no further statement, it indicated that both young men were willing to risk their lives and limbs in a car whose mechanism had "snapped" and whose steering wheel had a "half turn of play." Both showed themselves equally wanting in due care.

Plaintiff also testified that just before the car left the road, it was being driven at the rate of 55 miles an hour. There is no evidence that he protested against this excessive and unlawful rate of speed. For the plaintiff to ride in a car whose defective condition was obvious to him, at the illegal and negligent rate of 55 miles an hour, with no vigorous protest on his part against proceeding at that speed or at any speed, clearly convicts him of contributory negligence and bars his recovery.

The order of the court below in granting a new trial is reversed; judgment is herein entered for defendant non obstante veredicto.