## Zimmer, Appellant, et al., *v.* Little.

Argued October 9, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Felice E. Darkow,* with her *Langdon W. Harris, Jr.,* and *Herman & Harris,* for appellant.

*Elias Magil,* with him *Philip Sterling* and *Bernard J. Myers,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:

This action of trespass was instituted by a guest passenger, then a minor, and his father, to recover from the owner of the car for injuries sustained in an accident. A verdict was rendered for the plaintiff, Henry Zimmer who had reached his majority. The plaintiff appealed upon the court's entering judgment n. o. v. for defendant.

On May 3, 1937, about 12:15 a. m., the plaintiff, with the defendant and two other friends, was a passenger in a Ford automobile owned and driven by the defendant. The plaintiff was sitting in the front seat with the driver and the other two occupants were in the rumble seat. These young men were members of a dance orchestra and frequently used the defendant's car in going to and from their place of employment.

On the night of the accident they were going home by their usual route, proceeding at the rate of 25 miles per hour along Godfrey Avenue toward Fifth Street, where

there was a traffic light. It was possible to avoid waiting if the light was red by turning south on Fairhill Street, which is a half block west of Fifth Street. The color of the light at Fifth Street, as the car was approaching, does not appear in the record, but when Fairhill Street was reached, without any warning to the occupants of the car in so far as the evidence disclosed, the defendant, who was then driving in the center of the street, turned to the right into Fairhill Street without perceptibly slowing down. When he was about three-fourths of the way around, the door on his side opened. Evidently forced against the side of the door, he started to fall out and clung to the wheel, pulling the car so that it crossed to the east side of Fairhill Street and struck a tree sixty-five feet south of Godfrey Avenue. This impact caused the plaintiff to come in violent contact with the windshield, and injuries resulted. The driver of the car had the habit of leaning against the left hand door which had a defective latch, known to the plaintiff and the defendant for a period of about two weeks, which caused it to fly open "every once in a while." There was evidence, however, that at the time the defendant was turning his car he was not leaning against the door. He did not give his version, or call any witnesses to give information, of just how this accident occurred.

The learned court below in entering judgment expressed the opinion that as plaintiff voluntarily assumed a position of danger in riding in the car with knowledge of a defective door he was guilty of contributory negligence.

Giving the plaintiff's testimony the benefit of all favorable inferences reasonably deducible therefrom, we are of the opinion that, in the absence of a satisfactory explanation by the defendant, it was for the jury, not the court, to determine whether the proximate cause of the accident was the want of care by defendant in making a

rather sharp and sudden turn at the speed he was traveling: *Lawrence v. Winterbottom,* 120 Pa. Superior Ct. 292, 181 A. 852. No act or omission of the plaintiff after he had entered the car justified the legal conclusion that he was guilty of contributory negligence. He had the right to assume that defendant would drive with reasonable care. He was not bound to anticipate defendant's negligence. In other words, he was not required to foresee, nor was he responsible for, a danger suddenly created by a combination of circumstances. It could not be said as a matter of law that he voluntarily exposed himself to a known risk by riding in the front seat of this car with its defective latch on the door, next to the driver, which flew open. We concede that if the brakes, steering gear, headlights, or some other portion of the car well known to be vital to its safe operation, had been defective, then that would have been such a dangerous condition as to convict the plaintiff of voluntarily and unreasonably exposing himself to a risk or a known danger: Restatement, Torts, vol. 2, Sec. 466(c), p. 1231.

*Ellenberger v. Kramer,* 322 Pa. 589, 590, 186 A. 809, presents an entirely different situation. There the mechanism of the car, vital to its safe operation, was known to be defective; "something snapped" in the steering wheel of the automobile in which plaintiff and defendant were riding. Plaintiff said to the defendant who was driving, "Maybe we had better stop and look at it," but, when the defendant did not comply, plaintiff made no further protest.

Nor do we regard *Mahoney v. City of Pittsburgh,* 320 Pa. 44, 181 A. 590, or *McIntyre et al. v. Pope et al.,* 326 Pa. 172, 191 A. 607, also cited by appellant, in point. Both of those cases involved an overcrowding in the front seat, which clearly constituted a dangerous condition as it interfered with the operation of the car by the driver.

It is only where the contributory negligence is so clearly revealed that a fair and reasonable individual could not disagree as to its existence that negligence may be declared judicially: *Caulton v. Eyre & Co., Inc.,* 330 Pa. 385, 387, 390, 199 A. 136. "The court can declare as a matter of law that a certain state of facts amounts to contributory negligence on the part of a plaintiff or shows absence of negligence on the part of a defendant only in cases so clear that there is no room for fair and sensible men to differ in their conclusions from the available data. See *McCracken v. Curwensville Boro.,* 309 Pa. 98, 114, 163 A. 217."

The facts in this case do not so clearly disclose contributory negligence upon the part of the plaintiff as to warrant the court in holding as a matter of law that his negligence bars him from a recovery. The issues involved were properly submitted to the jury and we are convinced that its determination should not be disturbed.

Judgment of the lower court is reversed, and judgment is directed to be entered on the verdict.