## Shearer *v.* Pittsburgh Railways Company, Appellant.

Argued April 30, 1941.

Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*James R. Orr,* with him *J. R. McNary,* for appellant.

*T. Robert Brennan,* for appellee.

OPINION BY RHODES, J., July 18, 1941:

This is an action in trespass, and the one question raised on this appeal is whether plaintiff was guilty of contributory negligence as a matter of law. Plaintiff received personal injuries as the result of defendant's negligence. The jury returned a verdict for plaintiff. Defendant's motions for judgment n.o.v. and for a new trial were refused, and judgment was entered on the verdict. Defendant has appealed, and assigns as error the refusal of its motion for judgment n.o.v.

When the testimony is viewed in the light most favorable to plaintiff, as we are required to consider it under the circumstances, the accident would appear to have occurred in the following manner: Plaintiff was driving his automobile eastwardly on Walnut Street (23½ feet wide), which intersects with Coal Street (24 feet wide), in the borough of Wilkinsburg. In the center of Coal Street, which runs north and south, are the tracks of defendant, and street cars are operated thereon in a northerly direction. There was a "slow" sign on Coal Street to the south of the intersection, and plaintiff was aware of its presence. There was no traffic sign on Walnut Street. When plaintiff was 45 or 50 feet from the intersection, traveling at 5 or 6 miles per hour, he saw defendant's street car on Coal Street about 300 feet from the intersection. At the curb line

and before entering the intersection, he looked again and observed the street car which was then about 250 feet away. After proceeding into the intersection, he looked when near the first rail of the car tracks, at which time the street car appeared to be moving slowly as it neared the intersection. It was then 75 or 80 feet from Walnut Street. Looking again when he was on the tracks he saw the street car 15 or 20 feet away, coming at an increased speed. Plaintiff then endeavored to increase the speed of his automobile, but the engine choked and it was struck on the right rear wheel by the street car, turned completely around, and thrown upon the sidewalk on the north side of Walnut Street east of Coal Street. The operator of defendant's street car, when 50 feet from the curb line "seemed to either make a mistake or something because the car shot forward and continued that way."

Defendant's negligence is not questioned, but defendant argues that when plaintiff saw the street car approaching he could have stopped his automobile so that the street car could have passed through the intersection, but that nevertheless he left a position of safety and voluntarily chose a place of danger, and that this was contributory negligence as a matter of law.

On the contrary, we agree with the court below that it was for the jury to determine whether plaintiff acted as a reasonably prudent person would have acted under the circumstances. *Powell v. Pittsburgh Railways Co.,* 110 Pa. Superior Ct. 268, 274, 168 A. 369.

In *Kilpatrick v. Philadelphia Rapid Transit Co.,* 290 Pa. 288, at page 292, 138 A. 830, at page 832, it was said: "Before a driver commits his car to the act of crossing, he should consider the distance of the car from the automobile; he may not rest on the assumption that it will stop at the crossing, but must pay attention to its approach. If, after making these observations, it would appear to the ordinarily prudent person that there is an opportunity to cross safely, it is not con-

tributory negligence to attempt to do so. Absolute accuracy of judgment is not necessary. The test is a fairly reasonable one. The driver of a car is not bound to wait at a crossing until a car passes merely because it is seen in the distance, but, as distance is one of the controlling factors entering into the determination of what is due care in a given case, we must be careful not to apply too strictly the rules of safety in a judgment thus reached, and determine from the circumstance that the operator took a chance. The operator may assume, and we must also consider, that when a trolley is in view, it will be operated with due care." See, also, *Weschler v. Buffalo & Lake Erie Traction Co.*, 293 Pa. 472, 475, 476, 143 A. 119.

From the record we are obliged to conclude that plaintiff was in the intersection well in advance of the street car, which he observed approaching, and in full view of the latter for a considerable distance; and that he was proceeding slowly and cautiously with his automobile under control. At the time plaintiff entered the intersection the street car was 250 feet from him; when he was about 3 feet from the car track the street car was about 80 feet distant and moving slowly. Coal Street was only 24 feet wide, and the car tracks were in the middle thereof. If the street car had not increased its speed when 50 feet from the intersection, it is a proper inference that plaintiff would have had ample time to have crossed ahead of the street car, and that its sudden increase of speed, with plaintiff's automobile in full view and virtually on the tracks, was the sole cause of the accident. See *Lochhead v. Nierenberg*, 143 Pa. Superior Ct. 507, 18 A. 2d 472. We think the jury could very well have found that he had sufficient time to proceed through the intersection and cross the car tracks if defendant's employee in approaching had exercised reasonable care. *Schaeffer v. Reading Transit Co.*, 302 Pa. 220, 223, 153 A. 323. The evidence does not disclose that plaintiff attempted to cross the tracks on the as-

sumption that the street car was going to stop at the intersection, or that he voluntarily subjected himself to a manifest danger. Consequently, it is not for us to say that plaintiff, after making the several observations, was not entitled as an ordinarily prudent person to believe that he had reasonable opportunity to cross defendant's tracks in safety. Even if it could be said that plaintiff decided incorrectly on a course of action when unexpectedly confronted with a sudden peril, it would not be negligence per se. *Ford v. Reinoehl,* 120 Pa. Superior Ct. 285, 291, 292, 182 A. 120. See, also, *Schildnecht v. Follmer Trucking Co.,* 330 Pa. 550, 552, 199 A. 220.

It would appear from the facts established by the jury's verdict that plaintiff complied with the duties that devolved upon him under the circumstances, and of course he was not bound to anticipate the negligent operation of defendant's street car, but was entitled to rely upon the exercise of due care by defendant, and to assume that its street car would be properly operated. *Ehrhart v. York Rys. Co.,* 308 Pa. 566, 572, 162 A. 810; *Barth v. Lackawanna and Wyoming Valley R. R. Co.,* 310 Pa. 168, 172, 165 A. 251.

Defendant seeks to make use of the various distances involved, and also refers to the fact that plaintiff never knew at any time how fast the street car was approaching. We are not able to discern contributory negligence on the part of plaintiff from either element. The distances were estimates, and were for the jury to determine from all the evidence. *Richter v. Philadelphia Rapid Transit Co.,* 97 Pa. Superior Ct. 492, 494; *Schaeffer v. Reading Transit Co.,* supra, p. 223. And as we said in *Powell v. Pittsburgh Railways Co.,* supra, 110 Pa. Superior Ct. 268, at page 273, 168 A. 369, at page 372: "It was not essential that plaintiff, in order to show a case free from contributory negligence, should state accurately the rate of speed at which the trolley car was approaching—an obviously difficult

thing to do." See, also, *Thompson et al. v. Reading Transit Co.*, 100 Pa. Superior Ct. 294.

The applicable rule is given in *Caulton v. Eyre & Co., Inc.*, 330 Pa. 385, at page 390, 199 A. 136, at page 138: "The court can declare as a matter of law that a certain state of facts amounts to contributory negligence on the part of a plaintiff or shows absence of negligence on the part of a defendant only in cases so clear that there is no room for fair and sensible men to differ in their conclusions from the available data." See, also, *Zimmer et al. v. Little*, 138 Pa. Superior Ct. 374, 378, 10 A. 2d 911.

The issue was one for the jury, as this was not such a case where contributory negligence upon the part of plaintiff was so clearly revealed that it may be declared judicially.

Judgment is affirmed.