## Kropko *v.* Galida, Appellant.

Argued April 17, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*James E. Marshall,* with him *Lee C. McCandless,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY HIRT, J., July 19, 1944:

In this action in trespass the jury found for plaintiff. The lower court concluding that the verdict was inadequate granted a new trial. Any holding that this plaintiff may recover at all, is the same as saying that a guest passenger in an automobile owes no duty to protect himself against the negligence of the driver. Cf. *Wagenbauer v. Schwinn,* 285 Pa. 128, 131 A. 699. There is error in the refusal of judgment for defendant n. o. v.

Plaintiff rode in defendant's automobile, at his in-

vitation, to see a fire. Defendant drove the car from the village of Lindora into the City of. Butler by a circuitous route, at an excessive speed. Without stopping or even sounding a warning he drove on to six different through highways from intersecting streets. Plaintiff knew that these were through highways and he testified that they were properly marked with "Thru Traffic Stop" signs. Plaintiff said that defendant was proceeding eastwardly on West Penn Street at 40 to 45 miles per hour immediately before the accident giving rise to this action. As defendant approached Main Street in Butler, a much traveled through highway, he "did slow down a little, but very little" and, ignoring the warning of the stop sign, "went straight through" into the intersection. Defendant's car struck an automobile traveling south in Main Street with such force that it was shoved across the pavement to the far side of the street. Plaintiff was injured in the collision and it is for these injuries that he would recover in this case.

Drivers of fire department or fire patrol vehicles responding to a fire alarm are excluded from the operation of §1016 of the Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS 591. Curiosity was the motive of plaintiff and defendant in going to the fire. Neither was a member of a fire department nor had any duty to perform. Defendant's failure to conform with the mandate of the above section of the Vehicle Code and to come to a full stop before entering Main Street was negligence per se (*Jinks et al. v. Currie,* 324 Pa. 532, 188 A. 356; *Gaskill et al. v. Melella,* 144 Pa. Superior Ct. 78, 18 A. 2d 455) and that negligence was the proximate cause of the injury. But plaintiff clearly is chargeable with contributory negligence as a matter of law. Although defendant had driven at an excessive speed and on to at least five through highways, without stopping, plaintiff frankly admits that with notice of

defendant's continued and repeated acts of negligence he did not protest against nor attempt to control defendant's negligent driving. His complacency is indicated by these excerpts from his testimony: "Q. Did you make any complaint at any of these times to him crossing? A. No, I didn't. Q. Before [crossing Main Street] you hadn't said anything to him about the crossing? A. No, I didn't. Q. You knew there was a stop sign there? A. Yes. Q. You knew at these other places as you went up Broad Street they were through streets and had stop signs on them? A. That is right. Q. In other words, you never protested about the way he was driving? A. No, didn't bother to drive while he was driving."

On plaintiff's own admission the accident did not occur in a sudden emergency but from continued excessive speed and the last of a series of six negligent acts in failing to stop at through highways. From the fact that defendant had ignored five prior stop signs, plaintiff was forewarned that he probably would also violate the law by driving on to Main Street without stopping. Exposure to injury was obvious to him but he did not protest although he had adequate opportunity to control the situation for safety. He willingly joined the driver in testing manifest danger. Under the settled law he clearly is charged with the consequences of his own negligence and cannot recover. *Apfelbaum v. Markley,* 134 Pa. Superior Ct. 392, 3 A. 2d 975; *Ellenberger v. Kramer,* 322 Pa. 589, 186 A. 809; *Wagenbauer v. Schwinn,* supra. Even though plaintiff's conduct was passive, his admissions charge him with knowingly taking the risk incident to defendant's negligent acts. *Kilpatrick v. Phila. Rapid Transit Co.,* 290 Pa. 288, 138 A. 830.

Order reversed and judgment entered for defendant n. o. v.